BENJAMIN GOODIN *v.* SELLERS & TATE.

**Execution—Nullifying Settlement on: Ground of Mistake.**

Where a note has been executed in settlement of an execution, and the execution has been "satisfied" by order of the judgment plaintiff, the judgment plaintiff can not nullify the settlement and have a new execution issued on the ground of mistake in the amount due, without first vacating the sheriff's return and canceling the note given in settlement.

APPEAL FROM GARRARD CIRCUIT COURT.

December 26, 1872.

OPINION BY JUDGE HARDIN:

The answer of the appellees admits that they accepted the note of $80, dated August 27, 1868, for the supposed balance of the judgment enjoined, and the note expresses that it was given for a "balance on settlement of execution," thereby importing, with the admission of the answer, that an execution had issued on the judgment, which was satisfied by the delivery of the note; and this is fully proved by the sheriff's deposition and return of the execution, brought up by certiorari.

The answer, however, seeks to sustain the action of the appellees in treating their own settlement and the return of the execution "satisfied" by their own order, as nullities, and in suing out a new

execution, on the ground that they made a mistake and did not take appellant's note for enough money. If this was so it did not justify the issuance of the execution, without the judgment of the court vacating the sheriff's return, and cancelling the note given as the result of the settlement. But this had not only not been done, when the execution was sued out and enjoined, but no sufficient grounds for doing so are either alleged or proved in this record.

We are of the opinion that the court should have perpetuated the injunction and dismissed the appellees' cross-petition.

Wherefore the judgment is reversed and the cause remanded for a judgment in conformity to this opinion.

*Bradley, for appellant.*

*M'Kee, Anderson, for appellees.*